FILED
10/28/2025 at 4:19pm
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS DORN | Magistrate No. 25-1781<br><br>**[UNDER SEAL]** |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Bryce Schnatterly, being duly sworn, hereby depose and state the following:

### I.  INTRODUCTION

1. This affidavit is made in support of a criminal complaint charging THOMAS DORN ("DORN") with Interstate Threats, in violation of Title 18, United States Code, Section 875(c).

2. I have served as a Federal Bureau of Investigation ("FBI") Special Agent since June of 2025. As a Special Agent with the FBI, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18.

3. I am currently assigned to the FBI Pittsburgh Division. In this capacity, I am charged with investigating possible violations of federal criminal law. By virtue of my FBI employment, I perform and have performed a variety of investigative tasks, including functioning as a case agent on violent crime investigations. I have received training and have gained experience in the conduct of federal criminal investigations, the execution of federal legal process, and the identification and collection of computer-related evidence. Prior to my time as a Special

1

Agent, I was an FBI analyst providing intelligence support to FBI Agents across numerous federal investigations. During that time, I have been assigned to an investigative unit dealing with organized crime, drug trafficking, gangs, and violent crimes. During my training at the FBI Academy in Quantico, Virginia, I received extensive training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches and the legal requirements for the interception of telephone communications.

4. The facts set forth in this affidavit are based on my personal knowledge, the knowledge obtained during my participation in this investigation, the knowledge obtained from other individuals, including other law enforcement personnel, review of documents and audio recordings, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the criminal complaint, this affidavit does not set forth each and every fact that I have learned during the course of this investigation. However, I have not omitted any fact that may tend to undermine a finding of probable cause.

5. For the reasons set forth below, there is probable cause to believe that, on or about October 17, 2025 in the Western District of Pennsylvania, the defendant, THOMAS DORN, did knowingly transmit, in interstate commerce, a communication containing a threat to injure the person of another; that is, Victim 1, whose identity is known to your Affiant, by leaving a voicemail for Victim 1 in which DORN stated, "Hello, this is a notice to collect a debt, and I'm fucking really fucking pissed. And I'm going to fucking hurt you if you don't pay me my salary; lost fucking wages tomorrow, you fucking bitch. I wish I was in Colorado because I would have smashed you in your fucking head and killed you by now, but not in the way that they fucking think. You'd

be dead and not even found.  I would have fucking killed you a long time ago, but that's why you're a bunch of cowards.  I'm over here.  I'm not even there.  Why don't you give me a place to live over there and a job, and I'll fucking kill all of you people.  And you wouldn't even know what fucking happened to you, you fucking bitch fuck.  Where's my $105,000?  I'll fucking; bro, I would seriously . . . smash your head with a fucking sledgehammer over that shit.  If you made me lose 105 fucking thousand dollars.  Bro, you would be a fucking dead fucking man, bro.  So, I'm fucking done with you fucking people.  Why don't you make me move to Colorado, give me my job, and I'll kill all you fucking people, like a fucking man.  The first person that I would have fucking killed was Judge [Last Name][1].  I would have ran right to her fucking house, and blew her head right off – closed casket, if I knew that she was hacking me, you fucking bitch.  Where's my $105,000?  I want it, from you.  You're a fucking piece of shit.  I'm gonna hurt you.  Trust me.  I'm definitely hurting you people.  You're going to be crying hysterical with fucking grief; fucking shot, fucking bitch fuck.  Where's my $105,000, you fucking bitch?  I want my fucking money or I'm going to fucking hurt you.  I'm already going to war with you.  I'm ready to fucking kill you, like I said.  Blow your fucking head to smithereens straight off your fucking body, bro.  I want my $105,000 now.  I'm not fucking around with you people no more.  I will fucking attack you back, and you're going to be fucking hurt; crying like a bitch," or words to that effect.

      6.      For the reasons set forth below, there is also probable cause to believe that, on or about October 17, 2025, in the Western District of Pennsylvania, the defendant, THOMAS DORN, did knowingly transmit, in interstate commerce, a communication containing a threat to injure the person of another; that is, Victim 1 and Victim 2, whose identities are known to your Affiant, by leaving a voicemail for Victim 1 in which DORN stated, "[Victim 1's Last Name], bro.  I really

---

[1] Based upon the nature of the call and the identity of Victim 1, your Affiant believes that the judge identified by DORN is located in Colorado.

3

tried to explain to you that I was done with these papers, and this bullshit. Already, my room is filled with papers . . . what it is [Victim 1's Last Name] is paper terrorism that you're doing to me. I sent you the definition of paper terrorism . . . Basically, at this point, I pretty much decided, the, one of the things that I can do to help it is to kill one of you people. Like I said, if the police are literally afraid of you, and turnaround and go the other way, that's where it's at. So probably I'm going to go shoot [Victim 2] in the head. I'm just going to go up to her porch and knock on the door and shoot her. Because you know why, [Victim 1]? You're not learning. Like I already told you. I said, 'Listen, I don't want more of these papers in my house. I didn't do nothing. I'm fucking rich. I make more than all of you people here, and I don't want papers in my houses, of this bullshit.' I understand shit happens, but this is ridiculous. And, uh, if I can't go get [Victim 2] at her home and shoot her in the fucking head at her home to basically make this stop, so I can have a clean house, basically clean my house, I'm gonna go to the law firm and kill them. That I have had enough of this shit . . . and I need you to pay me the $100,000 in lost wages. I don't know what you people are doing. You're, like, nuts. You're like so far out from reality, it's like fucking weird. It's almost like you're a different species of animal. Like, that's how far off of reality you are. Either you're making me feel like a different kind of animal or you're like a different animal. Like, that's how divergent from reality you are. That I didn't realize that I was a different species, but that's what it feels like with you people. That I have to kill you or something. That you're like a different kind of animal. Like that's how far from fucking reality, and I don't know if it's you or me or what it is, but that's what it feels like. But I told you people, no. I don't want these papers in my house, and now I'm taking action to stop it. So one of you is dying," or words to that effect.

**II.     PROBABLE CAUSE**

7. The allegations in this criminal complaint pertain to recent threats made by DORN, who resides in the Western District of Pennsylvania using his known cellular phone number; that is, (412) 638-1797. An electronic search of that phone number revealed that it is registered to DORN at 21 Pine Street, Natrona, PA 15065.

8. On October 27, 2025, the U.S. Marshal Service notified the FBI of multiple threats made by DORN to harm and / or kill Victim 1, Victim 2, and others related to ongoing litigation in the Western District of Pennsylvania. Many of the communications made by DORN are recorded on voicemails for Victim 1. Victim 1, who does not reside in the Western District of Pennsylvania, received the voicemails described in paragraphs 5 and 6 on or about October 17, 2025. Because THORN's cellular phone number is registered in the Western District of Pennsylvania, probable cause exists to support that THORN's threats were communicated in interstate commerce to Victim 1.

9. Given the content of the communications set forth in paragraphs 5 and 6 above, and based upon my training and experience, the evidence supports that THORN consciously disregarded a substantial risk that his communications would be viewed as threatening to injure the person of another. Furthermore, a reasonable person would view the communications transmitted by THORN as a threat.

**III.     CONCLUSION**

10. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that THOMAS DORN violated Title 18, United States Code, Section 875(c).

The above information is true and correct to the best of my knowledge, information and belief.

/s/Bryce Schnatterly
Special Agent
Federal Bureau of Investigation


The Affiant attested to this Affidavit
By telephone pursuant to FRCP 4.1(b)(2)(A)
28th day of October, 2025.

_____
HONORABLE CHRISTOPHER B. BROWN
United States Magistrate Judge